## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHYLLIS KING, on behalf of herself and others similarly situated, | : : : |
| Plaintiff, | : Case No. 1:25-cv-_____ : : **DEMAND FOR JURY TRIAL** : |
| v. | : **DECLARATORY AND PERMANENT** |
| BON CHARGE, an Australian company. | : **INJUNCTIVE RELIEF AND** : **DAMAGES REQUESTED** |
| Defendant. | : : |

## CLASS ACTION COMPLAINT

Plaintiff, PHYLLIS KING ("Plaintiff"), individually and on behalf of all others similarly situated, brings this action against Defendant, BON CHARGE ("Defendant") pursuant to the private right of action provision in the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227(c)(5). On personal knowledge, investigation of counsel, and on information and belief, Plaintiff alleges as follows:

## NATURE OF ACTION

1. In August and September 2024 Defendant sent multiple telemarketing text messages to Plaintiff's personal cellular telephone for the purpose of selling its products to Plaintiff. Defendant sent such text messages despite Plaintiff having registered her telephone number on the national do-not-call registry two years prior in 2022, and without Plaintiff's prior express written consent.

2. Plaintiff brings this action for injunctive relief and statutory damages arising out of and relating to Defendant's conduct in negligently, knowingly, and/or willfully initiating more than one telemarketing telephone call/text message within a 12-month period to Plaintiff and class members on their residential telephone lines which have been registered on the national do-not-

call registry, without prior express consent in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2).

## PARTIES

3. Plaintiff is an individual residing in Smyrna, Kent County, Delaware.

4. Defendant is a for-profit business organized under the laws of Australia with the Australian Business Number 38 472 469 810 and a principal place of business located at 2/40 King Edward Road, Osborne Park, 6017, Western Australia, Australia.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff brings this action pursuant to 47 U.S.C. § 227 *et seq*.

6. This Court has personal jurisdiction over Defendant because Defendant purposefully availed itself to the Delaware marketplace by directing its telemarketing messages and calls to Delaware and to Plaintiff's cellular telephone, which is located in Delaware where Plaintiff resides.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the telemarketing calls and texts that are the subject of this lawsuit were made to Plaintiff while she was a resident of and present in this District.

## TCPA BACKGROUND

8. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

A.      The National Do-Not-Call Registry

9.      47 U.S.C. § 227(c) of the TCPA requires the Federal Communications Commission ("FCC") to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

10.     The national do-not-call registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

11.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

12.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the national do-not-call registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

13.     The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

## FACTUAL ALLEGATIONS

14.     Defendant is a "person" as the term is defined by 47 U.S.C. § 153(39).

15. Defendant is a for-profit business that operates an online only store where it sells what it claims is "the world's widest range of premium wellness and beaty products designed to help you sleep better, recover faster, and boost your overall well-being."[1] Defendant's products include, *inter alia*, night-time blue light blocking glasses, sleep masks, red light therapy devices, light sensitivity glasses, daytime computer glasses, and EMF/5G radiation blocking products.

16. Defendant markets, sells, and ships its products globally, including, *inter alia*, to the United States, the United Kingdom, the member states of the European Union, and Australia.

17. At no point has Plaintiff sought out or solicited information regarding Defendant's products or services prior to receiving the telemarketing text messages at issue.

18. Plaintiff has never consented in writing, or otherwise, to receive telemarketing calls or text messages from Defendant. Plaintiff has never provided Defendant with her telephone number.

19. Plaintiff's cellular telephone number, 267-XXX-5114, is a residential telephone line.

20. Plaintiff registered this telephone number on the national do-not-call registry in 2022.

21. Despite this, Plaintiff received at least three telemarketing text messages from Defendant between August 29, 2024 and September 17, 2024 from telephone number 855-279-3076, and possibly more calls and/or text messages prior to August 29, 2024 and/or after September 17, 2024. *See* Exhibit A.

---

[1] www.us.boncharge.com/pages/about-us

22. The text messages marketed Defendant's products, its Labor Day sale, and a new product release. Each text message asked Plaintiff to click on a link that would take her to Defendant's online store.

23. Plaintiff alleges direct liability because Defendant was the entity that sent the text messages to Plaintiff.

24. Plaintiff and all members of the class defined below have been harmed by the acts of Defendant because their privacy has been violated and they were subjected to annoying and harassing calls that constitute a nuisance. The calls also occupied Plaintiff's and class members' telephone lines, used up their time, and prevented them from receiving legitimate communications.

## CLASS ACTION ALLEGATIONS

25. As authorized by Fed. R. Civ. P. 23(b)(2) or (b)(3), Plaintiff bring this action on behalf of a national class of all other persons or entities similarly situated throughout the United States.

26. Plaintiff proposes the following "National Do-Not-Call Registry Class" definition, subject to amendment as appropriate:

> **National Do-Not-Call Registry Class**: All persons in the United States whose numbers are listed on the national do-not-call registry, and who received two or more telemarketing calls or text messages within any 12-month period from Defendant or its agent to their residential telephone number 31 or more days after the telephone number was listed on the national do-not-call registry at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated (the "Class Period").

27. Plaintiff represents, and is a member of, the National Do-Not-Call Registry Class. Excluded from the proposed class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any person who made a transaction with

Defendant in the preceding 18 months before receiving a telemarketing call or text message, any person who has executed a valid signed, written agreement between the person and Defendant which states that the person agrees to be contacted by Defendant and includes the telephone number to which the calls may be placed, any Judge and/or Magistrate Judge to whom this action is assigned, and any member of such Judges' staffs and immediate families.

28.     **Numerosity.** The potential members of the proposed class likely number at least in the hundreds because of the *en masse* nature of telemarketing calls and text messages. Individual joinder of these persons is impracticable.

29.     **Existence and predominance of common questions of law and fact.** Plaintiff and all members of the proposed class have been harmed by the acts of Defendant, including, but not limited to, multiple involuntary telephone and electrical charges, the invasion of their privacy, aggravation, annoyance, waste of time, the intrusion on their telephone that occupied it from receiving legitimate communications, and violations of their statutory rights.

30.     The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

31.     The proposed class , as defined above, is identifiable through telephone records and telephone number databases.

32.     There are well defined and nearly identical questions of law and fact common to Plaintiff and members of the proposed class. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed class. These common questions of law and fact include, but are not limited to, the following:

      a.     whether Defendant systematically made multiple telephone calls and/or text messages to members of the proposed class;

   b.  whether Defendant made calls and/or text messages to Plaintiff and members of the proposed class without first obtaining prior express written consent to make the calls/texts; and

   c.  whether members of the proposed class are entitled to treble damages and/or punitive damages based on the willfulness of Defendant's conduct.

33. **Typicality.** Plaintiff's claims are typical of the claims of the proposed class members because they arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories. Specifically, the proposed class members are persons who received telemarketing calls and text messages on their telephones without their prior express written consent. Plaintiff is a member of the proposed class and will fairly and adequately represent and protect the interests of the proposed class as he has no interests that conflict with any of the proposed class members.

34. **Adequacy of Representation.** Plaintiff is an adequate representative of the proposed class because her interests do not conflict with the interests of the proposed class, she will fairly and adequately protect the interests of the proposed class, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

35. **Superiority.** Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns the identification of class members, which will be ascertainable from records maintained by Defendant.

36. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendant to comply with the TCPA. The interests of individual members of the proposed class in individually controlling the prosecution

of separate claims against Defendant are small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly more difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

37. Defendant acted on grounds generally applicable to the proposed class, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed class appropriate on a class-wide basis. Moreover, on information and belief, Plaintiff alleges Defendant's telephone solicitation calls that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)**
**(On Behalf of Plaintiff and the National Do-Not-Call Registry Class)**

38. Plaintiff repeats her prior allegations of this Complaint from paragraphs 1-37 and incorporates them by reference herein.

39. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, by making telemarketing calls and/or text messages, except for emergency purposes, to Plaintiff and members of the National Do-Not-Call Registry Class despite their numbers being on the national do-not-call registry in violation of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2).

40. Defendant's violations were willful or knowing.

41. As a result of Defendant's violations, Plaintiff and members of the National Do-Not-Call Registry Class are entitled to treble damages of up to $1,500 for each call and text message made in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5).

42. Plaintiff and the members of the National Do-Not-Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls and text messages to telephone numbers registered on the national do-not-call registry, except for emergency purposes, in the future pursuant to 47 U.S.C. § 227(c)(5)(A).

43. Plaintiff and members of the proposed National Do-Not-Call Registry Class are also entitled to an award of attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)**
**(On Behalf of Plaintiff and the National Do-Not-Call Registry Class)**

44. Plaintiff repeats her prior allegations of this Complaint from paragraphs 1-50 and incorporates them by reference herein.

45. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, by making telemarketing calls and/or text messages, except for emergency purposes, to Plaintiff and members of the National Do-Not-Call Registry Class despite their numbers being on the national do-not-call registry in violation of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2).

46. As a result of Defendant's violations, Plaintiff and members of the National Do-Not-Call Registry Class are entitled to an award of $500 in statutory damages for each call and text message made in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5).

47. Plaintiff and the members of the National Do-Not-Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls

and text messages to telephone numbers registered on the national do-not-call registry, except for emergency purposes, in the future pursuant to 47 U.S.C. § 227(c)(5)(A).

48. Plaintiff and members of the proposed National Do-Not-Call Registry Class are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the proposed class, prays for the following relief:

A. Certification of the proposed class;

B. Appointment of Plaintiff as representative of the class;

C. Appointment of the undersigned counsel as counsel for the class;

D. A declaration that Defendant's actions complained of herein violated the TCPA;

E. An order enjoining Defendant from making telemarketing calls and text messages to numbers on the national do-not-call registry, absent an emergency circumstance;

F. An award to Plaintiff and the Class of damages, as allowed by law;

G. An award of attorneys fees, expenses, and costs; and

H. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff requests a jury trial on all issues so triable.

Dated: January 24, 2025                    Respectfully submitted,

*/s/ R. Grant Dick IV*
R. Grant Dick IV (#5123)
COOCH AND TAYLOR P.A.
1000 N. West Street, Suite 1500
Wilmington, DE 19801
Telephone: 302-984-3800
E-Mail: gdick@coochtaylor.com
*Attorneys for Plaintiff and the Proposed Class*

**OF COUNSEL**
Yeremey O. Krivoshey (SBN 295032)
SMITH KRIVOSHEY, PC
(*pro hac vice* forthcoming)
166 Geary Str STE 1500-1507
San Francisco, CA 94108
Telephone: 415-839-7077
Facsimile: (888) 410-0415
E-Mail: yeremey@skclassactions.com

Aleksandr "Sasha" Litvinov (SBN 95598)
SMITH KRIVOSHEY, PC
(*pro hac vice* forthcoming)
867 Boylston Street 5th Floor #1520
Boston, MA 02116
Telephone: 617-377-7404
Facsimile: (888) 410-0415
E-Mail: sasha@skclassactions.com
*Attorneys for Plaintiff
and the Proposed Class*