IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PHYLLIS KING, on behalf of herself and others similarly situated,

*Plaintiff*,

v.

BON CHARGE, an Australian company,

*Defendant*.

No. 25-cv-00105-SB

Robert Grant Dick, IV, COOCH & TAYLOR, P.A., Wilmington, Delaware; Aleksandr Litvinov, Yeremey Krivoshey, SMITH KRIVOSHEY, San Francisco, California.

*Counsel for Plaintiff.*

Alessandra Glorioso, Ashley Repp, Theresa M. Bevilacqua, DORSEY & WHITNEY (DELAWARE) LLP, Wilmington, Delaware.

*Counsel for Defendant.*

**MEMORANDUM OPINION**

August 31, 2026

BIBAS, *Circuit Judge*, sitting by designation.

A promise made should be a promise kept—if one is made at all. Bon Charge believes that when Phyllis King visited its website and shared her phone number, she entered into a binding contract. Maybe so, but that depends on what King knew or should have known when she visited the website. Bon Charge has not adequately pled such knowledge in its counterclaim, so I dismiss it with leave to amend.

## I. KING VISITS BON CHARGE'S WEBSITE, WHICH HAS TERMS AND CONDITIONS

On this motion to dismiss, I take the well-pleaded allegations in Bon Charge's counterclaim as true and draw all reasonable inferences in its favor. Fed. R. Civ. P. 12(b)(6). Bon Charge is an Australian online seller of wellness products. Ans. to Am. Compl., D.I. 49 ¶7; Am. Compl., D.I. 16 ¶¶ 6–7. In 2021, Phyllis King visited Bon Charge's website and entered her phone number into the website's subscriber link. Countercl., D.I. 49 ¶6. For the next three years, King received SMS text messages from Bon Charge. *Id.* ¶7, 14. According to Bon Charge, King could easily have unsubscribed at any time but held off to tee up this litigation. *Id.* ¶¶31–32. King unsubscribed two years ago, and Bon Charge has not sent her another message since. *Id.* ¶16.

King filed this putative class action against Bon Charge for violating the Telephone Consumer Protection Act (TCPA). *See* Compl., D.I. 1. In my first opinion, I let King's Do-Not-Call Registry claim proceed. D.I. 53. I dismissed the rest of her claims with leave to amend. *Id.* Bon Charge then filed its answer and counterclaim. D.I. 49. In the counterclaim, Bon Charge asserts that its terms and conditions were visible on its website before subscribing, so when King entered her phone number, she entered into a contract based on those terms. Countercl. ¶¶23–24. The terms included a "Duty to Notify and Indemnify." Countercl., Ex. 1 at 9. So, by failing to notify Bon Charge that she no longer wished to receive messages, King allegedly breached the contract and must indemnify Bon Charge for the ongoing litigation. *Id.* ¶¶27–41. King now moves to dismiss Bon Charge's counterclaims for failure to state a claim.

## II. BON CHARGE FAILS TO ALLEGE THAT A CONTRACT WAS FORMED

King claims that Bon Charge failed to show that a contract exists between the

parties. King Br. Supp. Mot. Dismiss Countercl., D.I. 57 at 3–7. I agree.

Forming a contract requires mutual assent. Website users sometimes give their assent simply by visiting the website, creating a "browsewrap" agreement. *See Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1176 (9th Cir. 2014); *Sheets v. Quality Assured, Inc.*, 2014 WL 4941983, at *2 (Del. Super. Ct. Sept. 30, 2014). To form a "browsewrap" agreement, a user must be on actual or inquiry notice of a website's terms and conditions. *Design with Friends, Inc. v. Target Corp.*, 2022 WL 4448197, at *3 (D. Del. Sept. 23, 2022); *Nguyen*, 763 F.3d at 1176. But Bon Charge has alleged only that its terms and conditions were "visible to the prospective subscriber … before subscribing." Countercl. ¶ 23. Although I must accept Bon Charge's well-pleaded facts as true, I need not accept its mere conclusory statements. *Wilson v. City of Philadelphia*, 415 F. App'x 434, 436 (3d Cir. 2011). Bon Charge has not asserted that King saw the terms. *See Design with Friends*, 2022 WL 4448197, at *3. Nor can we infer that King knew the terms were there, as Bon Charge "has not alleged that the link to its terms was conspicuous enough to satisfy the high standard for browsewrap terms." *Id.*

Bon Charge tells me that it is not relying on the "browsewrap" theory of contract formation, but it does not provide me with an alternative route. To make out a successful claim, Bon Charge needed to allege that King's actions "objective[ly] manifest[ed]" her intent to undertake a "contractual obligation[]." *CMS Inv. Holdings, LLC v. Castle*, 2015 WL 3894021, at *13 (Del. Ch. June 23, 2015). And an offeree must have some notice of terms to assent to them. *See In re Segway Scooter*

*Recall Litig.*, 2026 WL 2210976, at *4 (D. Del. July 31, 2026). Bon Charge has not alleged actual notice, and merely stating that the terms and conditions were "visible" is not enough to support an inference that King was on inquiry notice. *See e.g., Arnaud v. Doctor's Assocs. Inc.*, 821 F. App'x 54, 56 (2d Cir. 2020).

* * * * *

Bon Charge has failed to state a claim because it has not alleged facts to show why King's actions constituted assent to its terms and conditions. So I dismiss Bon Charge's counterclaims with leave to amend.